UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN JOSEPH,<br><br>　　　　Plaintiff<br><br>v.<br><br>STATE OF NEVADA, ex rel NDOC, et al.,<br><br>　　　　Defendants | Case No.: 3:21-cv-00289-RCJ-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 20 |

　　　This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　　Plaintiff has filed a Second Amended Complaint (SAC), which the court screens pursuant to 28 U.S.C. § 1915(e) and § 1915A. It is recommended that Plaintiff be allowed to proceed with certain claims and defendants in the SAC, but that other claims and defendants be dismissed.

**I. BACKGROUND**

　　　Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC). He filed an original complaint, which the court screened and dismissed with leave to amend. (ECF No. 5.) Plaintiff filed a first amended complaint (FAC) (ECF No. 7), which the court screened and allowed Plaintiff to proceed with claims under the First Amendment's Free Exercise Clause and Establishment Clause, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Fourteenth Amendment's Equal Protection Clause against defendants Davis, Ferro, Garrett, Wickham and Williams. (ECF No. 9.) The court dismissed the State of Nevada ex rel NDOC, the NDOC, and the Religious Review Team (RRT) *with prejudice*. (ECF No. 9 at 3 n.

1.) The court also dismissed his Eighth Amendment claim because it was not implicated by Plaintiff's allegations. (ECF No. 9 at 6 n. 2.) Finally, the court dismissed his Supremacy Clause claim because the Supremacy Clause does not create rights enforceable under section 1983. (ECF No. 9 at 6.)

Plaintiff's claims are based on allegations that Plaintiff is an adherent of Messianic Judaism, which, unlike Orthodox/Rabbinical Judaism, does not require its adherents to observe "Talmudic kosher laws." Messianic Judaism does, however, require its adherents to observe Passover by consuming unleavened bread, bitter herbs, and grape juice/wine during the holiday. Plaintiff received a memorandum stating that inmates who were not receiving NDOC's Common Fare Menu (CFM) and who wanted to participate in Passover would only receive a meal on the last night of Passover. Defendants promulgated and enforced this policy, and as a result, Plaintiff only received one compliant meal during the last day of Passover.

Plaintiff has filed a SAC, which the court now screens.

## II. SCREENING STANDARD

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. PLAINTIFF'S SAC

**A. Parties and Allegations of the SAC**

In the SAC, Plaintiff names NDOC, Brian Williams, Sr., Joseph Ferro, Tim Garrett, Harold Wickham, Scott Davis, Richard Snyder, and the RRT as defendants. Plaintiff references the First Amendment's Free Exercise and Establishment Clauses, RLUIPA, the Fourteenth Amendment's Equal Protection Clause as well as its Due Process Clause.

Plaintiff again alleges that Messianic Judaism adherents must consume unleavened bread, bitter herbs and grape juice/wine during Passover. They are not required, however, to observe the Kosher dietary laws of Orthodox/Rabbinical Judaism. Plaintiff alleges that Williams, Snyder and Wickham were on the 2020 RRT, which is responsible for ensuring that religious administrative regulations are uniformly interpreted, applied and enforced. Plaintiff avers that Defendants promulgated and implemented a policy change with respect to Passover meals in 2020: non-CFM participants seeking to participate in Passover would only receive dinner on the final day of Passover. Plaintiff further alleges that Wickham, Williams, and Snyder all conspired to "hijack" the RRT to create a new policy targeting Judaism to violate the rights of Plaintiff and other inmates. As a result, Plaintiff claims that he was not able to observe full Passover, in violation of his religious tenets, as he was only able to practice Passover on the last day at dinner.

**B. NDOC and RRT**

The court previously dismissed NDOC and the RRT **with prejudice**; therefore, Plaintiff should not be allowed to proceed against them as defendants.[1]

---

[1] Count 2 of Plaintiffs SAC appears to only be directed at NDOC and the RRT; therefore, Count 2 should be dismissed.

4

### C. Williams, Ferro, Garrett, Wickham, Davis, and Snyder

Like the FAC (but with the addition of defendant Snyder), Plaintiff should be allowed to proceed with his claims under the First Amendment's Free Exercise and Establishment Clauses, RLUIPA, and the Fourteenth Amendment's Equal Protection Clause against these defendants.

The First Amendment Free Exercise and RLUIPA claims may proceed based on allegations that as a Messianic Jew, Plaintiff is required to observe Passover by consuming unleavened bread, bitter herbs and grape juice/wine during the holiday, but he was only permitted to receive one Passover meal on the last day of Passover because he was not on the CFM. Plaintiff alleges this policy was promulgated by Williams and Snyder, and enforced by Davis, Ferro, Garrett, and Wickham.

The Establishment Clause and Equal Protection Clause claims are based on allegations that as a result of this policy promulgated and enforced by Defendants, Orthodox/Rabbinical Jews were permitted to fully participate in Passover, while Messianic Jews were not.[2]

Plaintiff's SAC also references a conspiracy to violate his rights. The elements of a conspiracy claim under section 1983 are: (1) an agreement or meeting of the minds to violate constitutional rights, and (2) an actual deprivation of those rights resulting from the alleged conspiracy. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* (internal quotation marks and citation omitted).

---

[2] The legal standards for each of these claims are set forth in detail in the order screening Plaintiff's FAC. (ECF No. 9.)

Plaintiff does not include facts to establish an agreement existed among the Defendants to violate Plaintiff's rights. Instead, Plaintiff alleges there was a policy that was promulgated by some defendants and enforced by others. This is insufficient to establish a conspiracy under section 1983. Therefore, the conspiracy claim should be dismissed from the SAC.

Finally, Plaintiff's complaint references the Due Process Clause; however, it is unclear how Plaintiff claims his due process rights were violated. The Fourteenth Amendment provides, "[n]o State shall...deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. To invoke its protections, an inmate "must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see also Wolff v. McDonnell*, 418 U.S. 539, 558 (1974); *Chappell v. Mandeville*, 706 F.3d 1052, 1062 (9th Cir. 2013). Plaintiff's SAC makes reference to "slow playing" of grievance responses and he alleges that Wickham should not have responded to his second level grievance, but this conduct alone does not violate the Due Process Clause. *See Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure"). Therefore, the due process claim should be dismissed from the SAC.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) Allowing Plaintiff to **PROCEED** with the First Amendment Free Exercise and Establishment Clause, RLUIPA, and Fourteenth Amendment Equal Protection Clause Claims against defendants in the SAC;

(2) **DISMISSING** NDOC and the RRT and the claims asserted against them in the SAC;

(3) **DISMISSING** the conspiracy and due process claims from the SAC;

(4) If this Report and Recommendation is adopted, the Attorney General's Office should be given 14 days to file a notice indicating whether or not it will accept service for defendant Snyder. If the Attorney General's Office cannot accept service for Snyder, it shall file under seal, but shall not serve the Plaintiff with the last known address for Snyder. If the last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide a last known physical address. If service cannot be accepted for Snyder, Plaintiff shall file a motion requesting issuance of a summons and service on Snyder. Service of Snyder must be accomplished within 90 days of the entry of any order adopting this Report and Recommendation.

(5) If this Report and Recommendation is adopted, the Attorney General should be directed to file an answer or other responsive pleading to the SAC on behalf of any defendant for whom it has accepted service within 45 days of the date of the order adopting this Report and Recommendation.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 16, 2023

_____
Craig S. Denney
United States Magistrate Judge