# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARTIN JOSEPH,

    Plaintiff

v.

STATE OF NEVADA, ex rel NDOC, et al.,

    Defendants

Case No.: 3:21-cv-00289-RCJ-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 41

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, it is recommended that Plaintiff's motion for summary judgment (ECF No. 41) be denied.

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC). He filed an original complaint, which the court screened and dismissed with leave to amend. (ECF No. 5.) Plaintiff filed a first amended complaint (FAC) (ECF No. 7), which the court screened on May 12, 2022, and allowed Plaintiff to proceed with claims under the First Amendment's Free Exercise Clause and Establishment Clause, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Fourteenth Amendment's Equal Protection Clause against defendants Davis, Ferro, Garrett, Wickham and Williams. (ECF No. 9.)

Plaintiff's claims are based on allegations that Plaintiff is an adherent of Messianic Judaism, which, unlike Orthodox/Rabbinical Judaism, does not require its adherents to observe "Talmudic kosher laws." Messianic Judaism does, however, require its adherents to observe Passover by consuming unleavened bread, bitter herbs, and grape juice/wine during the holiday.

Plaintiff received a memorandum stating that inmates who were not receiving NDOC's Common Fare Menu (CFM) and who wanted to participate in Passover would only receive a meal on the last night of Passover. Defendants promulgated and enforced this policy, and as a result, Plaintiff only received one compliant meal during the last day of Passover.

On September 27, 2022, Plaintiff filed a proposed second amended complaint (SAC). (ECF No. 20.) While the SAC was awaiting screening by the court, Defendants[1] filed their answer to the amended complaint on November 14, 2022. (ECF No. 24.)

On December 5, 2022, the court held a telephonic case management conference and issued a discovery plan and scheduling order setting the discovery completion deadline for March 6, 2022, and the dispositive motions deadline for April 5, 2023. (ECF Nos. 34, 35.) On February 6, 2023, Plaintiff filed a motion to extend the discovery plan deadlines. (ECF No. 38.)

On February 16, 2023, the undersigned issued a report and recommendation screening the SAC. It was recommended that Plaintiff be allowed to proceed with his First Amendment Free Exercise Clause and Establishment Clause, RLUIPA, and Fourteenth Amendment Equal Protection Clause claims against Williams, Ferro, Garrett, Wickham, Davis, and Snyder, but the court recommended that the other claims and defendants be dismissed. (ECF No. 40.)

While the report and recommendation was still pending before District Judge Jones, Plaintiff filed this motion for summary judgment (ECF No. 41), as well as an objection to the report and recommendation (ECF No. 42).

On March 3, 2023, the court granted Plaintiff's motion to extend the scheduling order deadlines, and continued the discovery deadline to August 3, 2023, and the dispositive motions deadline until September 5, 2023. (ECF No. 45.) District Judge Jones adopted the report and

---

[1] Except for Snyder, who has not yet been served.

1 recommendation screening the SAC on March 14, 2023 (ECF No. 47), and the SAC was filed

2 (ECF No. 48).

3       Defendants filed a response to Plaintiff's motion for summary judgment, arguing that the

4 motion is premature as discovery has not been completed. (ECF No. 55.) Plaintiff filed a reply.

5 (ECF No. 56.)

6       Plaintiff's motion for summary judgment was filed before District Judge Jones adopted

7 the report and recommendation screening the SAC and before the SAC—which is now the

8 operative complaint—was filed. In addition, the court accepts Defendants' representation that

9 they need to complete discovery before they can prepare a response to Plaintiff's motion.

10 Plaintiff acknowledged in his own motion to extend the discovery deadline that discovery could

11 not be completed until the court issued a new order screening the SAC. (ECF No. 38 at 3:22-26.)

12 For these reasons, it is recommended that Plaintiff's motion be denied without prejudice.

13 Plaintiff can renew his motion after the discovery completion deadline, but before the expiration

14 of the dispositive motions deadline.

15                                   **RECOMMENDATION**

16       IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING**

17 Plaintiff's motion for summary judgment (ECF No. 41) **WITHOUT PREJUDICE**. Plaintiff

18 may refile his motion *after* the discovery completion deadline but *before* the expiration of the

19 dispositive motions deadline.

20       The parties should be aware of the following:

21       1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

22 this Report and Recommendation within fourteen days of being served with a copy of the Report

23 and Recommendation. These objections should be titled "Objections to Magistrate Judge's

1  Report and Recommendation" and should be accompanied by points and authorities for

2  consideration by the district judge.

3      2. That this Report and Recommendation is not an appealable order and that any notice of

4  appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

5  until entry of judgment by the district court.

6

7  Dated: May 12, 2023

8  _____
   Craig S. Denney
9  United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23